# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNETH MASON,**

    **Plaintiff,**

**v.**                                                                                  **Civil Action No. 2:10cv55**

**WEXFORD HEALTH SOURCES,**
**ADRIAN HOKE, Warden,**
**TRISTEN TENNEY, Med. Adm., and**
**NURSES JANE DOE 1 through 8**

    **Defendants.**

## ORDER

On October 21, 2010, Magistrate Judge David J. Joel filed his Report and Recommendation [Doc. 42], wherein the plaintiff was directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the Report and Recommendation. On November 5, 2010, the plaintiff filed his Objections to the Magistrate's Report and Recommendation [Doc. 46]. After reviewing the Report and Recommendation, the record, and the arguments of the parties, the Court finds for the reasons stated below that petitioner's objections to the Report and Recommendation should be **OVERRULED in part** and **GRANTED in part**; that the Report and Recommendation should be **ADOPTED in part**; and that defendants Wexford and Hoke's Motions to Dismiss should be **DENIED**.

Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised by the plaintiff in his Complaint, brought pursuant to 42 U.S.C. § 1983, wherein plaintiff alleges that he failed to receive proper medical treatment, were thoroughly considered by Magistrate Judge Joel in his Report and Recommendation

("R&R"), as were the issues raised by the defendants in their Motions to Dismiss. The Court finds, however, that some of the conclusions of the Magistrate are incorrect. The Court will now address the objections of plaintiff, and the Court's findings with regard to the R&R.

**I.     BACKGROUND**

   A.     Factual and Procedural History

The *pro se* plaintiff initiated this civil rights action on April 28, 2010. In the Complaint, plaintiff asserts that the defendants were deliberately indifferent to his serious medical needs. On May 11, 2010, an Order was entered granting the plaintiff leave to proceed in forma pauperis. [Doc. 11]. On May 18, 2010, the plaintiff paid his required initial partial filing fee. [Doc. 13]. On June 1, 2010, the plaintiff filed an amended complaint. [Doc. 14]. On June 2, 2010, Magistrate Judge Joel conducted a preliminary review of the complaint and determined that summary dismissal was not appropriate. (See [Doc. 15]). Accordingly, an Order to Answer was entered, and Summonses were issued for the defendants. [Doc. 15]. In addition, the plaintiff was afforded 120 days to provide the Court with the names of the eight Jane Does. To date, he has failed to do.

On June 24, 2010, Warden Hoke filed a Motion to Dismiss with a Memorandum in support thereof. [Doc. 18]. On July 1, 2010, defendant Tristan Tenney filed a Motion to Dismiss with a Memorandum in support thereof. [Doc. 21]. Since the plaintiff is proceeding without counsel in this case, the Court issued Roseboro Notices on June 30, 2010, and July 2, 2010, advising the plaintiff of his right to file a response to the defendants' motions. (See [Docs. 20, 24]). On August 2, 2010, the plaintiff filed a response [Doc. 27], and on August 11, 2010, the defendants filed replies [Docs. 28-29].

On September 20, 2010, Wexford Health Sources ("Wexford") filed a Motion to Dismiss with a supporting memorandum. [Doc. 34]. A Roseboro Notice was issued on September 22, 2010 [Doc. 36], the plaintiff filed a response on September 27, 2010 [Doc. 39], and the defendant filed a reply on October 6, 2010 [Doc. 41].

On October 21, 2010, Magistrate Judge Joel issued his Report and Recommendation on the Motions to Dismiss filed by Adrian Hoke, Tristen Tenney, and Wexford [Doc. 42]. On November 5, 2010, plaintiff filed a Motion for Referral Back to Magistrate Judge for a Report and Recommendation Based on the Entire Record [Doc. 45]. Additionally, on November 5, 2010, plaintiff filed Objections to the R&R [Doc. 46].

B. <u>Plaintiff's Claims</u>

In his Complaint, plaintiff asserts that since 2006, he has suffered repeated infections from Methicillin Resistant Staphylococcus Aurus ("MRSA") which defendants Tenney and Wexford have treated with Doxycline and Rifanpin instead of with Vancomycin. The plaintiff maintains that treatment with Doxycline and Rifanpin was below the degree of care he needed. The plaintiff further maintains that the defendants' delay in providing him proper medical treatment has left him with permanent injuries to his muscles where the flesh has been eaten away, leaving large flesh depressions which give him pain.

In his Amended Complaint, plaintiff added as defendants Jane Doe Nurses 1-8. Plaintiff also added additional claims, an allegation that he has not "been seen by a doctor covering staph"; that the Jane Doe Nurses have not taken cultures of his infection, and therefore, cannot identify the infection to treat it properly; and that there are about 30 cases of staph infection at HCC, and infected prisoners are not isolated in violation of policy issued by the Division of Corrections. (See [Doc. 14]).

3

For relief, the plaintiff indicates in his original complaint that he seeks declaratory relief, injunctive relief, compensatory damages, and punitive damages. [Doc. 1].

## II. DISCUSSION

### A. Standard of Review

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R & R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service of the R&R was accepted on October 22, 2010. [Doc. 43]. Petitioner timely filed his Objections on November 5, 2010. [Doc. 46].

Here, the R&R addressed three motions to dismiss filed by the respective defendants. "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." **Republican Party of N.C. v. Martin**, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most

4

favorable to the plaintiff. ***Mylan Labs, Inc. v. Matkari***, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also **Martin***, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 555 (2007) (quoting ***Conley v. Gibson***, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." ***Conley***, 355 U.S. at 45-46. In ***Twombly***, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." ***Conley***, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.*

In order for a complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." ***Bass v. E.I.DuPont de Nemours & Co.***, 324 F.3d 761, 765 (4th Cir. 2003) (citing ***Dickson v. Microsoft Corp.***, 309 F.3d 193, 213 (4th Cir. 2002); ***Iodice v. United States***, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in ***Ashcroft v. Iqbal***, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft v.***

*Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

Further, a 12(b)(6) motion must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56(c) where "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). Under Rule 56(c) summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Cray Communications, Inc. v. Novatel Computer Sys., Inc.**, 33 F.3d 390, 393 (4th Cir. 1994). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth, and must limit its inquiry solely to a determination of whether genuine issues of triable fact exist. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986).

In *Celotex*, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. *Celotex,* 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." **Matsushita Electric Industrial Co. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. *Id.* This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or

6

denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." **Anderson,** 477 U.S. at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. **Id.** at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." **Id.** "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Felty v. Graves-Humphreys Co.**, 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. **Anderson,** 477 U.S. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." **Matsushita**, 475 U.S. at 587 (citation omitted).

      B.     Applicable Law

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. **Estelle v. Gamble**, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." **Wilson v. Seiter**, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. **Gaudreault v. Municipality of Salem, Mass.**, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991). A medical condition is also serious if a

7

delay in treatment causes a lifelong handicap or permanent loss. ***Monmouth County Corr. Inst. Inmates v. Lanzaro***, 834 F.2d 326,347 (3rd Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. ***Wilson***, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. ***Farmer v. Brennan***, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." ***Id.*** at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." ***Id.*** at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." ***Miltier v. Beorn***, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. ***Wright v. Collins***, 766 F.2d 841, 849 (4th Cir. 1985).

A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See ***Morales Feliciano v. Calderon Serra***, 300 F.Supp.2d 321, 341 (D.P.R.

8

2004) (citing **Brock v. Wright**, 315 F.3d 158, 162 (2d Cir. 2003)).

C. The Magistrate's Conclusions of Law

In the R&R the Magistrate found as follows:(1) Warden Hoke should be dismissed as "plaintiff makes no allegations in his complaint which reveals the presence of the required elements for supervisory liability against Warden Hoke"; (2) Tristen Tenny should be dismissed as he did not and could not prescribe the medication plaintiff complains was inadequate to treat his infection, and as plaintiff has failed to meet the requirements of W.Va. Code §§ 55-7B-3 and 55-7B-6; (3) Wexford Medical Sources, Inc. must be dismissed as it is not a "person" for purposes of 42 U.S.C. § 1983; and (4) Nurses Jane Doe 1-8 should be dismissed as plaintiff, despite sufficient time to do so, has failed to name the defendants.

The Court will now address each finding in turn.

1. Warden Hoke

The Magistrate properly found that in order to establish personal liability against a defendant in a § 1983 action, the defendant must be personally involved in the alleged wrong(s); liability cannot be predicated solely under *respondeat superior*. See **Monell v. Department of Social Services**, 436 U.S. 658 (1978); **Vinnedge v. Gibbs**, 550 F.2d 926, 928 (4th Cir. 1977). The Magistrate went on to state plaintiff "...appears to allege that [Hoke] is responsible for his staff and their actions." This Court agrees.

Where the findings of this Court and that of the Magistrate differ, is in the finding with regard to how Warden Hoke might be responsible for the actions of his staff. When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 if the subordinate acted pursuant to an _official policy or custom_ for which he is

9

responsible, see **Fisher v. Washington Metropolitan Area Transit Authority**, 690 F.2d 1113 (4th Cir. 1982); **Orum v. Haines**, 68 F. Supp.2d 726 (N.D.W.Va. 1999), or the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." **Shaw v. Stroud**, 13 F.3d 791, 799 (4th Cir.), *cert. denied*, 513 U.S. 813 (1994). "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." *Id.* "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" *Id.*

The Magistrate concluded based on the above cited law that Warden Hoke must be dismissed as "plaintiff makes no allegations in his complaint which reveals the presence of the required elements for supervisory liability against Warden Hoke". ([Doc. 42] at 9). This Court disagrees. Plaintiff has alleged, not only that he was treated with ineffective medicine in response to his MRSA infection, but that he was put back into the general population and that it is the <u>official policy or custom</u> of the prison not to isolate inmates infected with MRSA. Plaintiff further alleges that it is the official policy or custom of the prison not to provide inmates infected with MRSA clean bedding or clothing, and that the

10

prison has official policy or custom to wash infected inmate's bedding and clothing along with that of uninfected inmates. Plaintiff alleges that these policies and customs of the prison have resulted in him getting reinfected with MRSA. (See Objections [Doc. 46] at 3-4; [Docs. 1, 14]).

While it is true that non-medical personal may rely on the opinion of medical staff regarding the proper treatment of inmates, see **Miltier v. Beorn**, 896 F.2d 848 (4th Cir. 1990), and Warden Hoke could rely on the decision by medical staff on how to treat inmates such as plaintiff, it is unclear whether the alleged official policy or custom of not isolating infected prisoners is a medical decision, or one made by Warden Hoke without reliance on medical advice. Consequently, the Court finds that plaintiff has stated a claim against Warden Hoke, and his claims should be allowed to proceed.

### 2. Tristen Tenney

With regard to Tristen Tenney, the Magistrate found that plaintiff's claims should be dismissed as Nurse Tenney did not, and could not, prescribe the medication plaintiff complains was inadequate to treat his infection; and as plaintiff has failed to meet the requirements of W.Va. Code §§ 55-7B-3 and 55-7B-6. Based on a *de novo* review of the record, this Court agrees.

In his objections, plaintiff argues that the Magistrate resolved disputed issues of material fact in finding that defendant Tenney was not authorized to prescribe medication. This Court disagrees. It is clear based on the record before the Court that defendant Tenney–a nurse and not plaintiff's treating physician–could not prescribe the medication plaintiff alleges was inadequate to treat his infection. Further, plaintiff failed to address the other conclusion of the Magistrate, that because plaintiff has failed to meet the

11

requirements of W.Va. Code §§ 55-7B-3 and 55-7B-6 his claim against defendant Tenney must be dismissed. Accordingly, plaintiff's objection to the dismissal of defendant Tenney is **OVERRULED**.

### 3. Wexford Medical Services

Third, the Magistrate found that plaintiff's claims against Wexford Medical Services ("Wexford") must be dismissed as Wexford is not a "person" for purposes of § 1983 liability. This Court disagrees. See **Page v. Kirby**, 314 F.Supp.2d 619, 622 (N.D.W.Va. 2004). "According to the Fourth Circuit Court of Appeals, 'a private corporation [which is a state actor] is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights.'" **Id.** (quoting **Austin v. Paramount Parks, Inc.**, 195 F.3d 715, 728 (4th Cir. 1999)).

Here, it appears Wexford is a state actor for purposes of § 1983. See **West v. Atkins**, 487 U.S. 42, 54 (1988) (holding a private entity which contracts with the state to provide medical services acts "under color of state law."). Further, plaintiff has alleged not only that he was treated with ineffective medicine in response to his MRSA infection, but also that he was put back into the general population and that it is the official policy or custom at the prison not to isolate inmates infected with MRSA. Plaintiff further alleges that it is the official policy or custom of the prison not to provide inmates infected with MRSA clean bedding or clothing, and that the prison has official policy or custom to wash infected inmate's bedding and clothing along with that of uninfected inmates. Plaintiff alleges that these policies and customs of the prison have resulted in him getting reinfected with MRSA. (See Objections [Doc. 46] at 3-4; [Docs. 1, 14]).

As noted above, based on the pleadings, it is unclear whether the policy or custom

of not isolating inmates, and not segregating their bedding and clothing from other uninfected inmates is the policy or custom of the prison–or whether that policy or custom is based on the medical advice of the employees of Wexford. Thus, it is possible that Wexford could be liable if its official policy or custom caused the alleged deprivation of federal rights. *Page*, 314 F.Supp.2d at 622. Consequently, the Court finds that plaintiff has stated a claim against defendant Wexford, and his claims should be allowed to proceed.

        4.      <u>Jane Doe Nurses 1-8</u>

The Magistrate found that in the six months between the filing of plaintiff's Complaint and the issuance of the R&R, that plaintiff had sufficient time to identify the Jane Doe Nurses. The Magistrate noted, "a district court is not required 'to wait indefinitely' for the plaintiff to provide the defendant's true identity to the Court." ([Doc. 42] at 12) (quoting ***Glaros v. Perse***, 628 F.2d 679, 685 (1st Cir. 1980)).

In his Objections, plaintiff referred the Court to his Motion to Extend Time to Identify Defendant Nurses Jane Doe 1 through 8 [Doc. 44]. In his motion plaintiff argues that the identity of the nurses will be available through discovery and that he should be granted additional time to identify the nurses. [Doc. 44].

This Court finds that it would be futile to identify the Jane Doe Nurses as they are unable to prescribe medications. As discussed above, with regard to defendant Tenney, plaintiff complains that the wrong medication was used to treat his MRSA, and no liability can lie for the wrong medication being used where the nurse is not the one prescribing the medications. Further, the only other allegations relate to plaintiff being placed back into the general population which plaintiff alleges is an official policy or custom and, therefore, is an unviable claim against the Jane Doe Nurses. Accordingly, the Court **OVERRULES**

plaintiff's objection to the Magistrate's ruling with regard to the Jane Doe Nurses, and **DENIES** plaintiff's Motion for Extension of Time to Identify Defendant Nurses Jane Doe 1 through 8 [Doc. 44].

    5.       Plaintiff's Other Objections

Plaintiff also objected to the R&R on the following grounds: (1) the R&R was not based on the entire record; (2) the Magistrate did not liberally construe the Complaint and Amended Complaint; and (3) the Magistrate improperly recommended that the action be dismissed with prejudice. The Court has conducted a *de novo* review of the record as to plaintiff's objections and will address each in turn.

First, the R&R was based on the entire record, the plaintiff was afforded notice by the Court that he needed to respond to defendants' motions to dismiss, and all the issues before the Court were fully briefed by all parties. The Court finds plaintiff's claim that the R&R was based on an incomplete record to be devoid of merit, and accordingly **OVERRULES** plaintiff's objection on that ground.

Second, the Magistrate did liberally construe the Complaint and Amended Complaint. To the extent that there was any failure to do so, it was with regard to the applicability of plaintiff's claims that he was put back into the general population while suffering from MRSA to defendants Hoke and Wexford. The Court found that such allegations could be taken to mean that Hoke and or Wexford had engaged in an official policy or custom which caused the alleged deprivation of federal rights. As the Court has, however, addressed those issues above and allowed the claims against Hoke and Wexford to proceed, the Court **OVERRULES** plaintiff's objection on that ground.

Third, plaintiff objects to the action being dismissed with prejudice. Plaintiff brought

claims against the defendants, has had the opportunity to litigate those issues, and the Court has found that the claims being dismissed are legally insufficient. There is not a technical defect which is preventing plaintiff's claims form proceeding. Instead, based on the facts alleged, the Court has found that plaintiff failed to state a claim for relief which could be granted. Accordingly, it is proper that the claims being dismissed be dismissed with prejudice. The Court therefore, **OVERRULES** plaintiff's objection on that ground.

### III. CONCLUSION

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court has made *de novo* review of those portions of the Magistrate's findings to which plaintiff objected. See ***Thomas***, 474 U.S. at 150. After such review it is **ORDERED** as follows:

Magistrate Judge Joel's Report and Recommendation [Doc. 42] be, and the same hereby is, **ADOPTED in part**. Accordingly, it is

**ORDERED** that defendant Tenney's Motion to Dismiss [Doc. 21] shall be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the plaintiff's Complaint [Doc. 1] with regard to defendant Tenney shall be, and the same hereby is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. It is further

**ORDERED** that defendants Hoke and Wexford's Motions to Dismiss [Docs. 18, 34] shall be, and the same are hereby, **DENIED**. It is further

**ORDERED** that plaintiff's Motion for Extension of Time to Identify Defendant Nurses Jane Doe 1 through 8 [Doc. 44] shall be, and the same is hereby **DENIED**, and defendant Nurses Jane Doe 1 through 8 are hereby **DISMISSED**. It is further

**ORDERED** that plaintiff's Motion for Referral Back to Magistrate Judge for a Report and Recommendation Based on the Entire Record [Doc. 45] shall be, and the same hereby is, **DENIED**.  It is further

**ORDERED** that, the above-styled case be remanded to the Magistrate for further proceedings in accordance with this Court's Order.

**DATED**: January 11, 2011.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE